Exhibit "A"

|  |  | FILED<br>TARRANT COUNTY<br>4/9/2021 3:24 PM<br>THOMAS A. WILDER<br>DISTRICT CLERK |
|---|---|---|

CAUSE NO. 153-324595-21

| RENATA SALONS, PLLC and | § | IN THE DISTRICT COURT |
| RENATA SALONS PROPERTIES, LLC | § | |
|    Plaintiffs | § | |
|  | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
|  | § | |
| SENTINEL INSURANCE COMPANY, LTD. | § | |
|    Defendant | § | TARRANT COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

Renata Salons, PLLC and Renata Salons Properties, LLC ("Plaintiffs") hereby file their Original Petition, complaining of and about Sentinel Insurance Company, Ltd. ("Defendant"), and for causes of action would show as follows:

### I. DISCOVERY CONTROL PLAN & RELIEF SOUGHT

1. Plaintiffs intend to conduct discovery in this case under Level 1 pursuant to Rule 190.2 of the Texas Rules of Civil Procedure. Based on the relief sought, this case is governed by the expedited actions process under Rule 169 of the Texas Rules of Civil Procedure.

2. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs seek only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs, and Plaintiffs demand judgment for all the relief to which they deem themselves entitled.

### II. PARTIES

3. Plaintiffs, Renata Salons, PLLC and Renata Salons Properties, LLC (collectively "Renata"), are Texas limited liability companies with their principal office and principal place of business located in Grapevine, Texas.

4. Defendant, Sentinel Insurance Company, Ltd. ("Sentinel"), is a corporation engaged in the business of insurance in the State of Texas, which may be served with process by


A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

certified mail, return receipt requested, through its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Plaintiffs request service at this time.

### III. JURISDICTION AND VENUE

5. The Court has jurisdiction over this case in that the damages sought are within the jurisdictional limits of the Court. Venue is proper in Tarrant County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Tarrant County, Texas.

### IV. AGENCY AND RESPONDEAT SUPERIOR

6. Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such an act or thing, and that such act or thing was done with the full authorization or ratification of Defendant or done in the normal routine, course, and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### V. CONDITIONS PRECEDENT

7. All conditions precedent to Plaintiffs' recovery have been performed, have occurred, or have been waived.

### VI. FACTS

8. Renata Salons Properties, LLC owns the real property located at 224 and 230 East College Street, Grapevine, Texas 76051 (the "Property"). The Property includes a larger two-story building and a smaller one-story building, which were single-family dwellings converted for business use. Renata Salons, PLLC uses the Property to operate a salon and day spa business.

9. To insure the Property, Renata purchased Commercial Property Policy No. 01 SBA AZ5538 issued by Sentinel (the "Policy"). Sentinel sold the Policy insuring the Property to Renata.


A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

In part, the Policy provided coverage for loss and damage to the Property caused by covered perils, including hail storm damage, during the policy period of September 16, 2018 to September 16, 2019. Under the Policy, the Property's buildings were insured on a replacement cost basis with total coverage having per occurrence loss limits of $671,200 and $93,900, respectively, and a per occurrence deductible of $5,000.

10. At the time of issuance, and in correspondence regarding the Policy, Sentinel represented to Renata that the Policy provided coverage to pay the full value of any loss and damage to the Property caused by covered perils, including the cost to repair or replace hail storm damage. Renata relied on such representations to purchase the Policy, continue to pay premiums to keep the Policy in effect, and to submit an insurance claim for loss and damage to the Property caused by a hail storm. However, Renata relied on such representations to their detriment because Sentinel ultimately refused to pay anything to Renata for hail storm damage to the Property.

11. In March of 2019, a hail storm caused damage to the Property, which was a covered loss under the Policy. In its track, the storm left behind widespread damage to the Property caused by the storm, including hail damage to the buildings' roofing, roofing components, gutters and downspouts, and exteriors as well as water intrusion damage to multiple interior areas. In particular, the storm damage substantially compromised the integrity of the roofing requiring replacement of the roofing. None of this damage existed before the storm occurred.

12. Renata timely submitted an insurance claim to Sentinel for all of the loss and damage caused by the storm. Thereafter, Sentinel assigned event number CP0018289551 to the insurance claim, and Sentinel assigned an adjuster to investigate and adjust the insurance claim. By and through its assigned adjuster, however, Sentinel failed to reasonably investigate the insurance claim, failed to fairly and accurately adjust the insurance claim, and misrepresented pertinent facts and Policy

PLAINTIFFS' ORIGINAL PETITION



A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

3

provisions regarding coverage for the covered loss. As a result, Sentinel wrongfully denied coverage for all of the loss and damage caused by the storm.

13. Sentinel's adjuster was tasked with the responsibility of conducting a thorough and reasonable investigation of the insurance claim, which included determining the cause of and then quantifying the damage done to the Property. However, Sentinel's adjuster did not conduct a thorough or reasonable inspection of the Property, did not account for all of the actual covered damage to the Property, and did not prepare any estimate to repair or replace the storm damage to the Property. As a result, Sentinel's investigation and adjustment of the insurance claim did not provide any funds needed to restore the Property as provided for under the Policy.

14. In part, Sentinel's adjuster spent little time inspecting the Property's buildings overall, gave cursory attention to the roofs and interiors of the Property's buildings, failed to adequately inspect or conduct any testing to properly identify the full extent of the storm damage that substantially compromised the integrity of the roofing, and failed to identify any of the storm-created openings or separations through which the water intrusion damage occurred. Despite observable evidence of hail damage to the roofing and roofing components, Sentinel's adjuster believed or assumed—without any rational basis—that any and all such damage was due to non-covered causes unrelated to the storm. And despite the lack of testing, Sentinel's adjuster believed or assumed—without any rational basis—that there were no storm-created openings or separations to cause any of the interior water intrusion damage. As a result, Sentinel's adjuster concluded that the storm did not cause any loss or damage to the Property.

15. Due to this biased and inadequate inspection, Sentinel's adjuster failed to account for any of the storm damage that was part of the covered loss. The adjuster's inspection and claim determination were inadequate, erroneous, and did not provide an honest assessment of the necessary


A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

repairs or replacements to the Property for the covered loss. Nevertheless, on or about April 23, 2019, Sentinel sent a denial of coverage letter to Renata in which Sentinel misrepresented that there was no covered damage to the Property.

16. Dissatisfied with Sentinel's handling of the insurance claim, Renata retained their own adjuster who estimated that the actual cost to repair or replace the Property for all of the covered damage caused by the storm was $135,283.48. Renata's adjuster contacted and attempted to work with Sentinel to resolve the insurance claim and obtain payment for the full value of all the covered damage to the Property caused by the storm. However, Sentinel refused to consider or accept any findings and information provided by Renata's adjuster.

17. The Policy obligated Sentinel to initially pay actual cash value for the covered loss to the Property so that Renata could timely complete the necessary repairs or replacements and then exercise their option to obtain full replacement cost value for the covered loss as provided for under the Policy. Due to the wrongful acts and omissions of Sentinel described herein, Sentinel failed to pay the actual cash value amount owed on the insurance claim as required under the Policy, and Renata was unable to complete the necessary repairs or replacements and exercise their option to obtain full replacement cost value for the covered loss as provided for under the Policy. Thus, Renata has been harmed and prejudiced by Sentinel to the extent its conduct prevented Renata from completing the necessary repairs in a timely manner and caused Renata to lose contractual rights to benefits under the Policy, including but not limited to the right to receive full replacement cost benefits.

18. As described above, Sentinel did not conduct a thorough and reasonable investigation of the insurance claim and misrepresented material facts regarding lack of coverage for the storm damage. Sentinel's adjuster made these and other misrepresentations to Renata and Sentinel. Sentinel relied on its adjuster's misrepresentations, and Renata has been damaged as a result of such reliance.



A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

The misrepresentations of Sentinel's adjuster caused Sentinel to deny coverage and payment on the insurance claim, and Sentinel's misrepresentations caused Renata to pay for insurance and submit the insurance claim that did not—as promised—pay for the covered loss and damage caused by the storm. As a result, Renata has not been able to timely, properly, and completely repair or replace all of the damage to the Property caused by the storm.

19. Sentinel failed to perform its contractual duty to adequately compensate Renata under the terms of the Policy. Specifically, Sentinel failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Renata. Sentinel's conduct constitutes a breach of the insurance contract.

20. Sentinel failed to fairly evaluate and adjust the insurance claim as it is obligated to do under the Policy and Texas law. By failing to properly investigate the insurance claim and wrongfully denying full coverage and payment to Renata, Sentinel engaged in unfair insurance and settlement practices prohibited under Texas law.

21. Sentinel made, issued, and circulated statements that misrepresented the benefits under the Policy, which promised to pay the full amount of loss to Renata. Sentinel's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section of the Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

22. Sentinel misrepresented to Renata that all of the loss and damaged caused by the storm was not covered under the Policy, even though such loss and damage was caused by a covered peril. Sentinel's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).


A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

23. Sentinel failed to make a good faith attempt to settle the insurance claim in a prompt, fair, and equitable manner, although it was aware of its liability to Renata under the Policy. Sentinel's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

24. Sentinel refused to compensate Renata as required under the terms of the Policy and failed to conduct a reasonable investigation. Specifically, Sentinel performed an outcome-oriented investigation of the insurance claim, which resulted in a biased, unfair, and inequitable evaluation of Renata's losses caused by the storm. Sentinel's conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

25. Sentinel failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Sentinel has delayed full payment of the insurance claim longer than allowed and, to date, Renata has not received any payment for the insurance claim. Sentinel's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code §§ 542.058 & 542.060.

26. From and after the time the insurance claim was presented, the liability of Sentinel to pay the full insurance claim in accordance with the terms of the Policy was reasonably clear. However, Sentinel failed to conduct a reasonable investigation and refused to pay Renata, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment. Sentinel's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27. As a result of Sentinel's wrongful acts and omissions, Renata was forced to retain the professional services of the attorneys and law firm who are representing Renata with respect to their causes of action in this case.


A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

## VII. THEORIES OF LIABILITY

**A.   Cause of Action for Breach of Contract**

28.   Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

29.   According to the Policy, Defendant had the duty to investigate and pay Plaintiffs benefits for claims made for covered damages, including the cost to repair or replace covered damages. Plaintiffs' Property sustained covered loss and damage caused by covered perils, for which Defendant wrongfully denied coverage and payment and wrongfully withheld benefits owed under the Policy. Defendant's failure and refusal to pay the benefits it is obligated to pay, under the terms of the Policy and under the laws of the State of Texas, constitute a breach of Defendant's insurance contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages described in this petition.

**B.   Cause of Action for Violation of Chapter 542 of the Texas Insurance Code**

30.   Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

31.   Defendant's acts, omissions, failures, and conduct described in this petition were in violation of Chapter 542 of the Texas Insurance Code. Sentinel violated Chapter 542 by failing to timely pay the full value owed on Plaintiffs' insurance claim. *See* Tex. Ins. Code §§ 542.055–.060.

**C.   DTPA Cause of Action**

32.   Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

33.   Plaintiffs are consumers of goods and services provided by Defendant pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Civ. Prac. & Rem. Code


A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

§§ 17.41 et seq. By its acts, omissions, failures, and conduct, Defendant has engaged in deceptive trade practices in violation of the DTPA, including without limitation:

    a.    Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they did not have in violation of Section 17.46(b)(5) of the DTPA;

    b.    Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have in violation of Section 17.46(b)(12) of the DTPA;

    c.    Unconscionable action or course of action in taking advantage of Renata's lack of knowledge, ability, and experience to a grossly unfair degree in violation of Section 17.50(a)(3) of the DTPA; and

    d.    Use or employment of acts or unfair insurance practices in violation of Section 17.50(a)(4) of the DTPA.

34.    The above-described acts, omissions, and failures of Defendant were producing causes of Plaintiffs' damages described in this petition. The above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the DTPA.

**D. Cause of Action for Unfair Insurance Practices**

35.    Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

36.    By its acts, omissions, failures, and conduct, Defendant engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, the following unfair insurance practices:



    a.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case, *see generally* Tex. Ins. Code §§ 541.001 et seq.;

    b.    Engaging in unfair claim settlement practices, *see* Tex. Ins. Code § 541.060;

    c.    Misrepresenting to Plaintiffs the benefits under the Policy, *see* Tex. Ins. Code § 541.051(1)(B);

    d.    Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue, *see* Tex. Ins. Code § 541.060(a)(1);

    e.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability has become reasonably clear, *see* Tex. Ins. Code § 541.060(a)(2)(A); and

    f.    Refusing to pay the insurance claim without conducting a reasonable investigation with respect to the claim, *see* Tex. Ins. Code § 541.060(a)(7).

37.    Defendant also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.

38.    Defendant's conduct described herein has caused Plaintiffs' damages described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**E.    Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

39.    Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

40.    By its acts, omissions, failures, and conduct, Defendant breached the common law duty of good faith and fair dealing by failing to pay the proper amount owed on the insurance claim without any reasonable basis and by failing to conduct a reasonable investigation to determine



whether there was a reasonable basis for a denial of coverage and payment. Defendant breached this duty by denying coverage on the insurance claim and by failing to settle the insurance claim when Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant were a proximate cause of Plaintiffs' damages described in this petition.

## VIII.  DAMAGES

41. The above-described conduct of Defendant has caused Plaintiffs actual damages, including without limitation the amount of wrongfully withheld benefits owed under the Policy and the amount of any lost benefits under the Policy for the cost to repair or replace the hail storm damage to the Property. Plaintiffs are also entitled to recover consequential and incidental damages resulting from Defendant's conduct, including without limitation any investigative and engineering fees incurred by Plaintiffs. Plaintiffs are also entitled to recover a per annum interest penalty on the wrongfully withheld amount owed on the insurance claim as damages under Chapter 542 of the Texas Insurance Code.

## IX.  ADDITIONAL DAMAGES

42. Defendant also "knowingly" committed unfair insurance practices and deceptive trade practices as those terms are defined in the applicable statutes. Because of Defendant's knowing misconduct, Plaintiffs are entitled to additional damages as authorized by Section 541.152(b) of the Texas Insurance Code and Section 17.50(b)(1) of the DTPA.

## X.  EXEMPLARY DAMAGES

43. Defendant's breach of duty of good faith and fair dealing, as described above, has harmed Plaintiffs as a result of fraud, malice, or gross negligence, as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These acts or omissions by Defendant


A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the jury that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

44. As a result of Defendant's conduct described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and/or Section 17.50 of the DTPA.

## XII. JURY DEMAND

45. Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## XIV. PRAYER

For the above reasons, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial or final disposition hereof, the Court renders judgment in favor of Plaintiffs and against Defendants to recover such sums as would justly compensate Plaintiffs for all actual damages, consequential damages, incidental damages, statutory damages, treble damages, and exemplary damages found by the jury, court costs, reasonable attorneys' fees, pre- and post-judgment interest, and such other and further relief, general and special, at law or in equity, as Plaintiffs may show themselves to be justly entitled.


A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

Respectfully submitted,

**A NAVA & GLANDER LAW FIRM**
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231
Telephone: (210) 305-4220
Telecopier: (201) 305-4219
serveone@anglawfirm.com
anava@anglawfirm.com
bkray@anglawfirm.com

By: _/s/ M. Alex Nava_
M. ALEX NAVA
State Bar No. 24046510
BERNIE R. KRAY
State Bar No. 24078803

**ATTORNEYS FOR PLAINTIFFS**

40274/40274.0003 - Renata Salon v. Hartford/7. Court Filing/Petitions/Plaintiff's Original Petition - Renata.docx



A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

Cause Number 153-324595-21

RENATA SALONS, PLLC, ET AL                           SENTINEL INSURANCE COMPANY, LTD
                                    VS


A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

OFFICER'S RETURN

Received this __Citation By Certified Mail__ on the 13th day of April, 2021 at 10:37 AM; and executed at __B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS TX 75201 3136__

within the county of _____ State of TX on the 19th day of April, 2021 by mailing to the within named __SENTINEL INSURANCE COMPANY LTD__ a true copy of this __Citation By Certified Mail__ together with the accompanying copy of: __PLAINTIFF'S ORIGINAL PETITION__

Authorized Person/Constable/Sheriff: Thomas A. Wilder
100 N CALHOUN
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By _Stacci Reynolds_ Deputy
STACCI REYNOLDS

Fees $ 75.00

FILED TARRANT COUNTY
2021 APR 23 PM 12:39
THOMAS A. WILDER
DISTRICT CLERK

(Must be verified if served outside the State of Texas)
State of _____ County of _____
Signed and sworn to by the said _____ before me this _____
to certify which witness my hand and seal of office

(Seal)

_____
County of Tarrant, State of Texas

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   SENTINEL INSURANCE COMPANY LTD
   B/S REG AGT-CT CORPORATION SYSTEM
   1999 BRYAN ST STE 900
   DALLAS, TX 75201-3136
   153-324595-21 DP/NT/CM


*1533245952I000015*

9590 9402 5592 9274 7908 76

2. Article Number (Transfer from service label)
   7018 2290 0001 4557 6371

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
   X _Lindsey Barricato_   ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
   Lindsey Barricato
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

   THOMAS A. WILDER DISTRICT CLERK
   2021 APR 23 PM 12:39
   FILED TARRANT CO

3. Service Type
   ☐ Priority Mail Express®
   ☐ Adult Signature           ☐ Registered Mail™
   ☐ Adult Signature Restricted Delivery  ☐ Registered Mail Restricted Delivery
   ☒ Certified Mail®
   ☐ Certified Mail Restricted Delivery   ☐ Return Receipt for Merchandise
   ☐ Collect on Delivery
   ☐ Collect on Delivery Restricted Delivery  ☐ Signature Confirmation™
   ☐ Insured Mail                          ☐ Signature Confirmation Restricted Delivery
   ☐ Insured Mail Restricted Delivery
     (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

THE STATE OF TEXAS  **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

## CITATION    Cause No. 153-324595-21

RENATA SALONS, PLLC, ET AL
VS.
SENTINEL INSURANCE COMPANY, LTD



A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

TO: SENTINEL INSURANCE COMPANY LTD

B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX 75201-3

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 153rd District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFFS being

RENATA SALONS PLLC, RENATA SALONS PROPERTIES LLC

Filed in said Court on April 9th, 2021 Against
SENTINEL INSURANCE COMPANY LTD

For suit, said suit being numbered 153-324595-21 the nature of which demand is as shown on said PLAINTIFFS' ORIGINAL PETITION a copy of which accompanies this citation.

THOMAS A. WILDER DISTRICT CLERK
2021 APR 23 PM 12:39
FILED TARRANT COUNTY

M ALEX NAVA
Attorney for RENATA SALONS PLLC Phone No. (210)305-4220
Address     13409 NW MILITARY HWY STE 300 SAN ANTONIO, TX 78231

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 13th day of April, 2021.
By _____Natalie Thigpen_____ Deputy
NATALIE THIGPEN

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN   *15332459521000015*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION having first endorsed on same the date of delivery.

Deputy/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____           _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                    _____
                              County of _____, State of _____

7018 2290 0001 4557 6371

# CITATION

Cause No. 153-324595-21

RENATA SALONS, PLLC, ET AL

VS.

SENTINEL INSURANCE COMPANY, LTD

ISSUED

This 13th day of April, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By     NATALIE THIGPEN Deputy

M ALEX NAVA
Attorney for: RENATA SALONS PLLC
Phone No. (210)305-4220
ADDRESS: 13409 NW MILITARY HWY STE 300

SAN ANTONIO, TX 78231

*CIVIL LAW*


*1533245952100015*

ORIGINAL



U.S. Postal Service CERTIFIED MAIL RECEIPT
7018 2290 0001 4557 6371
SENTINEL INSURANCE COMPANY, LTD
B/S REG AGT-CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS, TX 75201-3136
153-324595-21 DP/NT/CM
$7.85
APR 13 2021


FILED
TARRANT COUNTY
2021 APR 23 PM 12:39
THOMAS A. WILDER
DISTRICT CLERK


A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez

# Civil Docket

Discovery: 1

153-324595-21

Cause Of Action: CONTRACT, CONSUMER/DTPA

| | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| Date Filed 04/09/2021 | RENATA SALONS, PLLC, ET AL | NAVA, M ALEX<br>13409 NW MILITARY HWY STE 300 |
| Jury 04/09/2021<br>Fee $ 40.00 | vs. | SAN ANTONIO, TX 78231<br>BarID: 24046510TX   Ph (210)305-4220   PLTF<br>Fax Ph (210)305-4219<br>A NAVA & GLANDER LAW FIRM<br>ANAVA@ANGLAWFIRM.COM;SERVEONE@ANGLAWFIRM.COM |
| Paid RENATA SALO<br>By   NS PLLC | SENTINEL INSURANCE COMPANY, LTD | |

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|
| | | |

153-324595-21

A CERTIFIED COPY
ATTEST: 04/28/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Julie A. Martinez